## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurmond Guess, Sr. | ) C/A No. 3:12-1092-CMC-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Social Security Administration; | ) |
| Thomas J. Motycka, *together, individually, separate*, | ) |
| | ) |
| Defendants. | ) |
| _____ | |

The plaintiff, Thomas Guess, Sr., ("Plaintiff"), a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

### BACKGROUND

Plaintiff is a resident of Columbia, South Carolina. The above-captioned case concerns Plaintiff's pending applications for Social Security Disability benefits and Supplemental Security Income. Plaintiff has brought suit against the Social Security Administration and a consultative examiner for the Social Security Administration. The consultative examiner is a physician. Plaintiff objects to the findings made by consultative examiner. Plaintiff's Answers to Court's Special Interrogatories (ECF No. 12) indicate that the Social Security Administration has denied his applications initially and on reconsideration, and that a hearing before an Administrative Law Judge was scheduled for June 26, 2012.

# INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)..

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se*

litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The above-captioned case is premature because no "final decision" of the Commissioner of Social Security is before this Court. The Social Security Act provides for judicial review of adverse decisions rendered by the Social Security Administration. 42 U.S.C. § 405(g). More than three decades ago, the United States Supreme Court enumerated three requirements for judicial review:

Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

Weinberger v. Salfi, 422 U.S. 749, 763–64 (1975).[1] The Weinberger Court noted that the second and third requirements were waivable by parties. Id. The first requirement, i.e., a final decision of the Commissioner made after a hearing, was not listed or categorized as being waivable, unlike the statute of limitations and venue. Id. at 764. Significantly, the Court held that the first requirement was mandatory:

> We interpret the first requirement, however, to be central to the requisite grant of subject matter jurisdiction—the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are "final" and "made after a hearing."

Id. The usual procedure for a claimant challenging termination of his or her Social Security benefits is the filing of an application (usually a Form SSA-16) with the local Social Security Office. If the initial determination is not favorable to a claimant, he or she may file a Request for Reconsideration (a Form SSA-561-U2). If the determination on reconsideration is unfavorable, he or she can file a "REQUEST FOR HEARING BY ADMINISTRATIVE LAW JUDGE" (a Form HA-501-U5).

---

[1] Pursuant to an amendment to the Social Security Act in 1994, the Commissioner of Social Security has replaced the Secretary of Health and Human Services as the defendant in Social Security appeals. See 42 U.S.C. § 405(b); 42 U.S.C. § 405(g); Rams v. Chater, 989 F. Supp. 309, 313 (D. Mass. 1997). Prior to the establishment of the Department of Health and Human Services, the Social Security Administration was part of the Department of Health, Education, and Welfare. Weinberger, 422 U.S. at 763. Hence, the Supreme Court in Weinberger v. Salfi refers to the Secretary, not the Commissioner.

PJG

If a hearing is held before an Administrative Law Judge ("ALJ"), the ALJ will issue a written decision. If the ALJ's decision is not favorable to the claimant, the claimant can seek review by the Appeals Council. This is usually done by the filing of a Form HA-520-U5 ("REQUEST FOR REVIEW OF HEARING DECISION/ORDER"). Once the Appeals Council has issued its decision, a claimant has sixty (60) days to file a complaint in the United States District Court for the judicial district in which the claimant resides.

### RECOMMENDATION

Because the plaintiff essentially seeks premature review of a decision of the Commissioner that is not yet final, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 12, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).