IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurmond Guess, | C/A No. 3:12-1092-CMC-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Thomas J. Motycka, | |
| Defendant. | |

Plaintiff is a resident of Columbia, South Carolina. The above-captioned case originally concerned Plaintiff's pending applications for Social Security Disability benefits and Supplemental Security Income and a medical examination. Plaintiff brought suit against the Social Security Administration and a consultative examiner for the Social Security Administration. The consultative examiner is a physician. Plaintiff objects to the findings made by consultative examiner and alleges what appear to be state law claims of assault and battery, defamation, invasion of privacy, intentional infliction of emotional distress, and violations of 42 U.S.C. § 1981.

In a Report and Recommendation filed in this case on July 12, 2012, the undersigned recommended summary dismissal of the Complaint because no final decision of the Commissioner of Social Security was currently before this Court. Plaintiff filed objections to the Report and Recommendation.

In an order filed in this case on July 25, 2012, the Honorable Cameron McGowan Currie, United States District Judge, dismissed the claims against Social Security Administration but recommitted the matter to the assigned magistrate judge for further proceedings on the claims against Defendant Motycka. Judge Currie's order also indicates

that Plaintiff has apprised the Court that an Administrative Law Judge issued a decision favorable to Plaintiff on June 28, 2012 (ECF No. 20-4). The decision of the Administrative Law Judge, though favorable to Plaintiff, is not yet "final."

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295-96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Although the pleadings indicate that Defendant Motycka is a consultative examiner for the Social Security Administration, the pleadings do not conclusively show whether Defendant Motycka is an employee or official of the Social Security Administration or is merely a contract provider of services.

Even if Defendant Motycka is an employee or an official of the Social Security Administration, the above-captioned case is not maintainable as a Bivens action. In the landmark case of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971),[1] the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. Id. Based on Bivens, courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a Bivens action. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471 (1994) (holding that a Bivens action cannot lie against a federal agency); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").

---

[1] In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994).



Thus, pertinent here, Bivens and its progeny establish that (1) federal officials can be held liable for damages in their individual capacities and (2) federal officials cannot be held liable for damages in their official capacities. The above-captioned case is not maintainable as a Bivens action because Plaintiff has not alleged that Defendant Motycka personally violated a well-established constitutional right of which a reasonable person would have known. See Bivens, 403 U.S. at 389; Harlow, 457 U.S. at 818; Butz v. Economou, 438 U.S. 478, 506-07 (1978).

If Defendant Motycka is not an employee of the Social Security Administration, Plaintiff's Bivens claims against him fail for lack of action under color of federal law. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999); Gomez v. Toledo, 446 U.S. 635, 640 (1980); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980).

Moreover, whether or not Defendant Motycka is an employee of the Social Security Administration, this case is not maintainable as an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). A suit under the FTCA, which generally provides that the United States shall be liable for common law torts, lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), *aff'd*, No. 01-7273, 46 F. App'x 212, 2002 WL 31109506 (4th Cir. Sept. 24, 2002).[2]

---

[2] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two years after the claim accrues. 28 U.S.C. § 2401(b).

Furthermore, there is no indication in the Complaint that Plaintiff has exhausted the administrative prerequisites for bringing an action against the United States under the FTCA. An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Plaintiff does not allege that he has filed an administrative claim by submitting a Standard Form 95 to a federal agency. Thus, Plaintiff fails to state a currently cognizable claim under the Federal Tort Claims Act.

Plaintiff cannot maintain a Bivens or Federal Tort Claims action against Defendant Motycka based on the *Social Security Administration's* initial denial and denial on reconsideration of his application for Social Security disability benefits.[3] See Schweiker v. Chilicky, 487 U.S. 412, 420-29 & n.3 (1988) (no Bivens action based on Social Security Administration's decision relating to benefits allowed); Weinberger v. Salfi, 422 U.S. 749, 756-61 (1975) (no FTCA action based on Social Security Administration's decision relating to benefits allowed).

Plaintiff's Complaint also appears to allege claims arising under state law. Assault and battery, defamation, the tort of outrage, invasion of privacy, and medical malpractice are causes of action under South Carolina law. A state law cause of action would be cognizable in this federal court under the diversity statute if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992),

---

[3] As noted in Judge Currie's order, the Administrative Law Judge awarded Social Security disability insurance benefits to Plaintiff in a decision issued on June 28, 2012.



*aff'd*, No. 92-2368, 10 F.3d 806 (Table), 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 372-74 (1978). Plaintiff cannot bring state law claims in this court pursuant to the diversity statute because both Plaintiff and Defendant Motycka are citizens of the State of South Carolina. <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 267 (1806). Accordingly, the court does not have original jurisdiction over Plaintiff's state law claims, which must be pursued in a state court of general civil jurisdiction, such as a Court of Common Pleas.

Finally, the above-captioned case is not maintainable as a § 1981 action against Defendant Motycka. Section 1981 provides that "[a]ll persons . . . have the same rights . . . to make an enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Making and enforcing contracts includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Therefore, to pursue a claim under § 1981, Plaintiff must prove that the Defendant Motycka "intended to discriminate [against the Plaintiff] on the basis of his race, and that the discrimination interfered with a contractual interest." <u>Denny v. Elizabeth Arden Salons, Inc.</u>, 456 F.3d



427, 434 (4th Cir. 2006). Plaintiff cannot maintain a § 1981 action against Defendant Motycka because there is no allegation that Defendant Motycka has interfered with Plaintiff's ability to make contracts.

Insofar as Plaintiff's § 1981 allegations relate to his application for Social Security benefits, there has been no violation of § 1981 because Social Security benefits are non-contractual in nature. See Davis v. Bowen, 825 F.2d 799, 800 (4th Cir. 1987) ("Social Security benefits are noncontractual benefits under a social welfare system and Congress has reserved the right to modify the scheme of benefits.").

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 24, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).