**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Thurmond Guess, Sr., ) | |
| ) | C/A No. 3:12-cv-1092-CMC-PJG |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Thomas J. Motycka, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff, proceeding without counsel ("*pro se*"), asserts three state law causes of action against Thomas J. Motycka, M.D. ("Dr. Motycka"), a consultative examiner for the Social Security Administration. The Magistrate Judge conducted an initial review of the complaint and construed it as a premature challenge to denial of Social Security Disability benefits. Based on that construction, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the complaint be dismissed without service and without prejudice.

Plaintiff filed a timely objection to the Report, agreeing to dismissal of his claims against the Social Security Administration but challenging dismissal of his claims against Dr. Motycka. The court dismissed the claims against the Social Security Administration but recommitted the matter to the Magistrate Judge to address Plaintiff's claims against Dr. Motycka.

The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, which was filed on August 24, 2012. Dkt. No. 30. The Report recommends that the court dismiss this action. *Id.* The Report found that any federal claims by Plaintiff fail as a matter of law, and the court has no jurisdiction over Plaintiff's state law

1

claims. On August 27, 2012, Plaintiff mailed a proposed amended complaint. Dkt. No. 33. On August 31, 2012, Plaintiff filed objections to the Report. Dkt. No. 35. Plaintiff generally objects to "pages 2-9 of the report and recommendation"[1] and requests that the court "rul[e] on his amended complaint." *Id.*

### STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

### DISCUSSION

In absence of a specific objection to a portion of the Report, the court has reviewed the complaint, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference.

The court also reviews Plaintiff's proposed amended complaint. Plaintiff's proposed

---

[1] The entire Report is 8 pages, followed by a notice of right to file objections on page 9.

amended complaint seeks to add Carolina Occupational Health as a Defendant.[2]  The proposed amended complaint also contains a new cause of action for race discrimination under 42 U.S.C. §§ 1981, 1982, and 1992.  Dkt. No. 33-1 at 2.  Although not specifically defined as a cause of action in the complaint, the Report addressed Plaintiff's allegations under § 1981.  The Report found that "Plaintiff cannot maintain a § 1981 action against Defendant Motycka because there is no allegation that Defendant Motycka has interfered with Plaintiff's ability to make contracts."  Similarly, there are no allegations that Carolina Occupational Health interfered with Plaintiff's ability to make contracts.  Plaintiff, therefore, cannot maintain a § 1981 action against either Dr. Motycka or Carolina Occupational Health.

Plaintiff does not have a claim under § 1982 because he has not alleged any race discrimination with respect to housing.  See 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.").  Section 1992 is irrelevant to Plaintiff's allegations as it authorizes the President to direct a speedy trial in certain circumstances.[3]  Accordingly, the court denies Plaintiff's request to amend his complaint as futile

---

[2] The proposed amended complaint contains no unique factual allegations as to Carolina Occupational Health.

[3] Section 1992 provides:
Whenever the President has reason to believe that offenses have been, or are likely to be committed against the provisions of section 1990 of this title or of sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes, within any judicial district, it shall be lawful for him, in his discretion, to direct the judge, marshal, and United States attorney of such district to attend at such place within the district, and for such time as he may designate, for the purpose of the more speedy arrest and trial of persons so charged, and it shall be the duty of every judge or other officer, when any such requisition is received by him to attend at the place and for the time therein designated.

because his amendments would not survive a motion a dismiss.[4]

## CONCLUSION

For the reasons set forth above and in the Report, the court denies Plaintiff's request to amend his complaint and dismisses Plaintiff's claims without prejudice.

**IT IS SO ORDERED.**

                                       S/ Cameron McGowan Currie
                                       CAMERON MCGOWAN CURRIE
                                       UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 2, 2012

---

42 U.S.C. § 1992.

[4] *See Burns v. AAF-McQuay, Inc.,* 166 F.3d 292, 294-95 (4th Cir. 1999) (affirming denial of motion to amend based on futility).